IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:07CR105

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) | |
| Vs. ) ) | **MEMORANDUM AND O R D E R** |
| ) | |
| CHARLES A. JOYNER ) ) | |

**THIS MATTER** is before the Court on Defendant's appeal of his conviction and sentence imposed by the Magistrate Judge on November 20, 2007. For the reasons stated herein, Defendant's conviction is affirmed.

## I. PROCEDURAL HISTORY

Defendant was charged with disorderly conduct in violation of 36 C.F.R. § 261.4(c) on October 4, 2007, based upon conduct alleged to have occurred on August 4, 2007, in the Sliding Rock Recreational Area of the Pisgah National Forest. **Violation Notice F 3749073 ("Violation Notice"), issued October 4, 2007.** The violation required a mandatory

appearance before the Court.  *Id*.  On November 20, 2007, Defendant appeared before the Magistrate Judge for the mandatory hearing on the violation notice.  Defendant waived his right to counsel and entered a guilty plea to the charge contained in the violation notice.  **Judgment in a Criminal Case, filed November 20, 2007**.  The Magistrate Judge sentenced Defendant to six months imprisonment and ordered Defendant to pay monetary penalties of a $5,000 fine, a $10 assessment and a $25 processing fee.  *Id*.  The Magistrate Judge further ordered that Defendant was banned from all federal lands for a period of two years and his camera and computers were ordered forfeited and destroyed according to law.  *Id*.  The Magistrate Judge ordered Defendant taken into custody to begin serving the active sentence imposed.  *Id.*

Thereafter, Defendant, by and through counsel, filed a timely notice of appeal and brief.  **Notice of Appeal, filed November 30, 2007; Defendant's Brief, filed January 4, 2008.**  The Government filed a response to Defendant's brief and this matter is now ripe for resolution.  **Government's Response Brief, filed February 11, 2008.**

## II.  STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  **18 U.S.C. § 3402.**  "The defendant is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  **Fed. R. Crim. P. 58(g)(2)(D).**

## III.  DISCUSSION

The trial of a misdemeanor may proceed before the Magistrate Judge on a citation or violation notice.  **Fed. R. Crim. P. 58(b)(1)**.  During a defendant's initial appearance on a petty offense or other misdemeanor charge, the Magistrate Judge must inform him of the following:

> (A) the charge, and the minimum and maximum penalties, including imprisonment, fines, any special assessment under 18 U.S.C. § 3013, and restitution under 18 U.S.C. § 3556;
> (B) the right to retain counsel;
> (C) the right to request the appointment of counsel if the defendant is unable to retain counsel – unless the charge is a petty offense for which the appointment of counsel is not required;
> (D) the defendant's right not to make a statement, and that any statement made may be used against the defendant;

>   (E) the right to trial, judgment, and sentencing before a district judge – unless:
>   
>   >   (i) the charge is a petty offense; or
>   >   (ii) the defendant consents to trial, judgment, and sentencing before a magistrate judge[.]

**Fed. R. Crim. P. 58(b)(2)(A) - (E).**

At the hearing before the Magistrate Judge, the Government called U.S. Forest Service Special Agent Harold Young to testify as to the factual basis for the plea and conviction. Agent Young testified that on August 4, 2007, a visitor observed Defendant in the Sliding Rock Recreation Area of Pisgah National Forest taking pictures of the buttocks, pubic and breast areas of young girls in a secretive manner and reported this activity to Officer Bandy, the park ranger on duty at that time. The visitor suggested the park ranger take appropriate measures to stop Defendant or others would take it upon themselves to do so. Agent Young further testified that other individuals had engaged in similar actions at Sliding Rock Recreational Area in the past and the parents of the young girls reacted in a similarly angry fashion. According to Agent Young, parents had threatened to take vigilante action against such people in the past; in this instance, there was a concern by Officer Bandy that if he did not confront Defendant, the parents would take matters into their own hands.

Officer Bandy approached Defendant and explained the complaint from the angry visitor and asked to see the images on Defendant's camera. Defendant refused, and the camera was seized by the officer. A search warrant was obtained and the images from Defendant's camera were developed. These pictures were identified by Agent Young during the hearing before the Magistrate Judge and admitted into evidence without Defendant's objection. The Magistrate Judge found the images from Defendant's camera to be those of the breast, buttocks and pubic areas of young girls taken at the Shining Rock Wilderness Area by the Defendant. Defendant was informed of his right to cross-examine any Government witnesses, to call his own witnesses and to present evidence. After the Government concluded their presentation of evidence, the Court provided Defendant the opportunity to call witnesses or otherwise present evidence and Defendant declined to do so.

At the conclusion of the Government's evidence and the Defendant having declined to present any evidence on his behalf, the Magistrate Judge determined there was a sufficient factual basis for the plea, accepted Defendant's plea of guilty, and adjudicated the Defendant guilty of the charge contained in the violation notice. The Magistrate Judge then

provided Defendant with an opportunity to be heard on the issue of sentencing. Defendant admitted in open court that he took these images of the girls, expressed to the Court that what he did was wrong, and stated that if he received a warning, he would never again engage in such conduct. The Magistrate Judge then imposed the six month term of imprisonment and the monetary penalties mentioned *supra.*

The Court has carefully considered Defendant's brief on appeal, the Government's response thereto, and has reviewed the complete audio recording made during Defendant's November 20, 2007, hearing before the Magistrate Judge.

On appeal, Defendant argues that, (1) the violation notice does not support a charge of disorderly conduct; (2) his conduct was not a violation of the disorderly conduct regulation as a matter of law; and (3) the application of the disorderly conduct regulation to his conduct of photographing unsuspecting females violates his right to free speech as protected by the First Amendment. **Defendant's Brief, *supra*.**

The verbatim audio recording of Defendant's November 20, 2007, court appearance clearly shows that the Magistrate Judge accepted Defendant's guilty plea only after finding that Defendant's plea to disorderly

conduct was knowing and voluntary**.** "Because a plea of guilty is a solemn, judicial admission of the truth of the charge, a prisoner's right to contest it is usually, but not invariably, foreclosed." ***Via v. Superintendent, Powhatan Corr. Ctr.*, 643 F.2d 167, 171 (4th Cir. 1981) (citing Blackledge v. Allison, 431 U.S. 63 (1977))**. A defendant's statements to the court during the guilty plea "are conclusive unless he presents reasons why this should not be so." ***Id.* (citing *Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975))**. Defendant argues that the violation notice did not properly charge disorderly conduct and that, in any event, Defendant's conduct did not violate the disorderly conduct statute as a matter of law. **Defendant's Brief*, supra***. The Court finds these arguments to be without merit. The violation notice sets out clear allegations that a visitor observed Defendant photographing the breasts, pubic and buttocks areas of young females without their consent; that the visitor reported his observations to Officer Bandy; and contemporaneous conversations between Officer Bandy and Defendant revealed that the visitor was upset over Defendant's actions. **Violation Notice*, supra*.** Further, the violation notice indicates that the camera was seized, a warrant was obtained and pictures were recovered from the camera that showed the buttocks, pubic

areas and breasts of young girls. *Id*. These allegations were more than sufficient to put Defendant on notice that the conduct alleged in the violation notice was a violation of the disorderly conduct regulation.

Disorderly conduct is defined in the Code of Federal Regulations as follows:

> The following are prohibited:
> (a) Engaging in fighting.
> (b) Addressing any offensive, derisive, or annoying communication to any other person who is lawfully present when such communication has a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed.
> (c) Make statements or other actions directed toward inciting or producing imminent lawless action and likely to incite or produce such action.
> (d) Causing public inconvenience, annoyance, or alarm by making unreasonably loud noise.

**36 C.F.R. § 261.4**.

The Magistrate Judge specifically found 36 C.F.R. § 261.4(c) applicable in the instant case, noting that the unauthorized photographing of the breast, pubic and buttock areas of young girls by the Defendant was "directed towards inciting or producing imminent lawless action and likely to incite or produce such action." *Id.* Agent Young testified that one visitor, extremely agitated over Defendant's actions, had urged Officer Bandy to stop the Defendant before someone else took action to do so. Agent

Young further testified that similar acts reported in the past had resulted in threatened vigilante action by concerned parents, and that in his opinion, Officer Bandy's intervention was necessary to prevent imminent lawless action on the date in question. These facts provide substantial evidence to support a conviction for disorderly conduct.

Finally, Defendant argues that the application of the disorderly conduct regulation as set out in 36 C.F.R. § 261 to Defendant's clandestine photography violates his rights under the First Amendment. **Defendant's Brief, *supra*, at 9**. A review of the tape recorded hearing shows that at no time during the approximately 45 minute colloquy with the Magistrate Judge did Defendant make an argument that any constitutional right had been violated.

Failure to raise a constitutional argument in the lower court generally restricts a defendant's ability to argue the same on appeal. ***United States v. David*, 83 F.3d 638, 643 n.6 (4th Cir. 1996) (citing *United States v. Olano*, 507 U.S. 725, 731 (1994) (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944) ("'[n]o procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal [cases] by the failure to make timely assertion of the right**

**before a tribunal having jurisdiction to determine it.'"))**. However, the Court recognizes the authority to correct alleged errors not raised before the Magistrate Judge. ***Olano*, *supra*, at 731-32 (interpreting Fed. R. Crim. P. 52(b))**. In order for this Court to examine the constitutional argument, Defendant must show, (1) that an error occurred before the Magistrate Judge; (2) that the error was plain; and (3) that the error affected his substantial rights. *Id.* **at 732.** Plain error has been defined as those errors that "seriously affect the fairness, integrity, or public reputation of judicial proceedings." ***United States v. Atkinson*, 297 U.S. 157, 160 (1936)**. And the plain error exception to the duty to raise objections before the proper court should be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." ***United States v. Frady*, 456 U.S. 152, 163 n.14 (1982).** Upon examination of this record, the Court cannot find that the Magistrate Judge committed error in not *sua sponte* raising a First Amendment claim for Defendant.

The Court finds that the Magistrate Judge carefully and fully explained all of Defendant's various rights as enumerated above, including the possibility of six months active imprisonment and/or a $5,000 fine and assessment if convicted**,** the right to plead not guilty, the right to counsel,

and the nature of the charge set forth in the violation notice. It is clear from Defendant's responses that he understood the nature of the proceedings before the Magistrate Judge and fully understood the potential consequences of pleading guilty, including the possibility of active imprisonment and/or a $5,000 fine. Defendant, through his responses during the Rule 11 colloquy with the Magistrate Judge, demonstrated his full awareness of his right to retain counsel, to waive counsel and proceed *pro se*, or if he did desire counsel and could not afford the same, his right to court appointed counsel. Before accepting Defendant's plea of guilty, the Magistrate Judge again explained the possibility of active imprisonment and that sentencing would be in the Court's discretion.

Having fully examined the record herein, this Court finds that the Magistrate Judge fully informed Defendant of his rights afforded under Fed. R. Crim. P. 52, that there was a factual basis for the plea, and that Defendant entered a knowing and voluntary plea of guilty. The Defendant's conviction and sentence imposed by the Magistrate Judge is, therefore, affirmed.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's conviction and sentence imposed by the Magistrate Judge is hereby **AFFIRMED**, and the appeal is **DISMISSED WITH PREJUDICE**.

Signed: March 4, 2008

Lacy H. Thornburg
United States District Judge